# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| David A. Bardes, individually, as a taxpayer, and as next friend of his two minor children, D.A.B. and A.P.B., ) ) ) ) | |
| Plaintiff, ) ) | C.A. No.: 2:08-CV-487-PMD-RSC |
| v. ) ) | |
| John H. Magera, Attorney for SCDDD; The State of South Carolina, Charleston County, vis-à-vis the County Council of Charleston; McRoy Canterbury, Jr., Admin., Charleston County; Kathleen M. Hayes, Director, SCDSS; Odessa Williams, Charleston County DSS, Director; James A. Cannon, Jr., Sheriff of Charleston County; Correct Care Solutions, LLC; The Hon. Wright Turbeville; The Hon. Jocelyn B. Cate; The Hon. Paul W. Garfinkel; Julie J. Armstrong, Clerk of Court, Charleston County; Wishart Norris Henninger & Pittman, P.A.; and Wade Harrison, Esq., all individually and in their official capacities; ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. ) ) | |

      This matter is before the court upon Defendants, The State of South Carolina, Charleston County, The Honorable Jocelyn B. Cate, The Honorable Wright Turbeville, The Honorable Paul W. Garfinkel, Julie J. Armstrong, Charleston County Clerk of Court, Kathleen M. Hayes, Director of South Carolina Department of Social Services, John H. Magera, Attorney for South Carolina Department of Social Services, and McRoy Canterbury, Jr.'s, Charleston County Administrator [collectively "Government Defendants"] Motion for a De Novo Review By the District Court of an order issued by the Magistrate Judge in this matter.

Plaintiff, appearing *pro se*, commenced a civil rights action against numerous individuals and entities, including the Government Defendants, alleging that, through a series of South Carolina Family Court hearings addressing his child support arrearage and his subsequent incarceration for civil contempt at the Charleston County Detention Center, the defendants violated various rights afforded to him under both federal and state law. All Defendants to this suit have moved the court to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6). The Government Defendants moved the court to dismiss them from the suit based on the numerous immunity grounds, including Eleventh Amendment immunity, absolute judicial immunity, absolute prosecutorial immunity, and absolute quasi-judicial immunity. The remaining Defendants moved the court to dismiss Plaintiff's Amended Complaint against them based on the court's lack of subject matter and personal jurisdiction, as well as Plaintiff's failure to properly plead a claim showing that Plaintiff is entitled to relief from them.

The Magistrate Judge declined to rule on the Defendants' Motions to Dismiss because, pursuant to Federal Rule of Civil Procedure 12(d), he converted Plaintiff's Response in Opposition to Defendants' Motions to Dismiss into a motion for summary judgment. The Magistrate Judge based this conversion on his belief that Plaintiff raised matters outside of the pleadings, and as such, he ordered the parties to complete discovery before he ruled on the converted motion for summary judgment. The court believes the Magistrate Judge incorrectly converted Plaintiff's Response in Opposition into a motion for summary judgment. It was the Defendants, rather than Plaintiff, that moved the court pursuant to Rule 12(b)(6) to dismiss them from this suit, and the immunity, insufficient pleading, and jurisdictional grounds asserted by Defendants do not present matters beyond the pleadings. Immunity issues, in particular, are plain and involve pure legal questions that are governed by well-settled law. Courts should resolve

immunity issues, to the greatest extent possible, as a matter of law, pre-discovery, because immunity is not only a defense to liability but also an "immunity from suit." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[B]ecause the entitlement is an *immunity from suit* rather than a mere defense to liability, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.") (emphasis in original) (internal quotation omitted). Therefore, the Magistrate Judge should exclude any matters raised by Plaintiff that go beyond the pleadings and address Defendants' Motions to Dismiss before they are further burdened with discovery requests.

## CONCLUSION

It is therefore **ORDERED** that, based on the foregoing, the Magistrate Judge's November 24, 2008 Order directing the parties to complete discovery is **REVERSED**, and the court **REMANDS** Defendants' Motions to Dismiss [Doc. # 71, 74, 75, 83, and 89] to the Magistrate Judge with instructions to issue a Report and Recommendation regarding whether or not Plaintiff's claims against any of the Defendants should be dismissed. Moreover, the court **STAYS** any further discovery in this matter until Defendants' Motions to Dismiss have been ruled on.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**May 1, 2009**
**Charleston, South Carolina**

3